IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNETTE ANITA GUISLAIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : 3:24-CV-876 |
| | : (JUDGE MARIANI) |
| LELAND DUDEK, | : |
| ACTING COMMISSIONER | : |
| OF SOCIAL SECURITY | : |
| | : |
| Defendant. | : |

## ORDER

The background of this Order is as follows:

On March 10, 2025, Magistrate Judge Carlson issued a Report and Recommendation ("R&R"), recommending this Court affirm the decision of the Commissioner of Social Security and deny Plaintiff's appeal. (Doc. 15). On March 24, 2025, Plaintiff timely filed an objection to the R&R. (Doc. 16). In the objection, Plaintiff identifies a single issue—"Plaintiff objects to the Magistrate Judge's recommendation that the Court accept the ALJ's minimal offering as a sufficient articulation under the controlling regulations." (*Id.* at 1). The only identified regulation in Plaintiff's objection is "20 C.F.R. § 404.1520c(b)(3)(c)(1)." (*Id.* at 2 n.1). 20 C.F.R. § 404.1520c is entitled "How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." *Id.* The specific subsection identified by Plaintiff is actually two separate subsections, 20 C.F.R. § 404.1520c(b)(3) and 20 C.F.R. § 404.1520c(c)(1).

20 C.F.R. § 404.1520c(b)(3) provides:

> Equally persuasive medical opinions or prior administrative medical findings about the same issue. When we find that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in your determination or decision.

*Id.* 20 C.F.R. § 404.1520c(c)(1) states:

> (c) Factors. We will consider the following factors when we consider the medical opinion(s) and prior administrative medical finding(s) in your case: (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

*Id.*

In her objection, Plaintiff claim that the Magistrate Judge erred in adopting the Administrative Law Judge's ("ALJ") findings. More specifically, she claims:

> Regarding Plaintiff's argument that the ALJ articulated specific reasoning supporting his finding that Dr. Kneifati's lifting restrictions were inconsistent but then offered no reasoning why Dr. Kneifati's limitations regarding Plaintiff's standing, walking, sitting, reaching, or ability to use foot controls were not persuasive, the Magistrate Judge writes, "while an ALJ is required to assign persuasive value to each medical source's opinion bases [sic] upon the most important factors of supportability and consistency, there is no requirement that an ALJ 'engage in such a line-by line analysis,' of each medical opinion." . . . The Magistrate Judge continues by recommending that the Court accept the ALJ's minimal explanation comparing Dr. Kneifati's opinion to the record despite acknowledging that "the ALJ could have provided more by way of articulation regarding the inconsistencies with the record."

2

> Allowing the ALJ to satisfy the controlling regulations with the bare assertions offered in his written decision, leaves the controlling regulations without meaning. If the Court adopts the Magistrate Judge's recommendations, it would allow ALJ's to routinely reject substantially consistent and supported opinions by finding one supposed flaw within the medical provider's reasoning. And not even an explicitly stated flaw in reasoning, it would allow the ALJ to draw his own conclusions from the medical evidence and determine that one such issue of supportability or consistency justifies a rejection of a provider's opinion in whole. For instance, one 'normal' mental status examination contained in a Plaintiff's entire administrative record could be sufficient to reject serious and disabling mental health limitations. Or what if a Plaintiff's gait is found to be 'normal' at one visit with a provider of a different specialty, is this a proper basis under the regulations to reject a disabling opinion based on Plaintiff's walking and standing limitations? Here, Dr. Kneifati offered disabling limitations involving reductions in Plaintiff's ability to sit, stand, walk, reach, or use foot controls, and here, because the ALJ noted a finding within Dr. Kneifati's evaluation that Plaintiff had had 'full muscle and grip strength,' the ALJ was justified in rejecting the remainder of Dr. Kneifati's opinions. Such an interpretation of the regulations leads only to a world where ALJ's determine who is disabled and who is not disabled based upon preference, not upon compliance with controlling law or proper evaluation of the evidence before them. The Court must reject such reasoning.

(Doc. 16 at 2-4).

The Court has carefully considered Plaintiff's arguments but declines to overrule Magistrate Judge Carlson's thorough and considered R&R finding that the ALJ's decision was supported by substantial evidence. The Court finds, like Magistrate Judge Carlson, that the ALJ correctly applied the relevant law and sufficiently articulated his reasons for discounting the opinion of Dr. Kneifati and crediting the opinions of the State agency medical consultants and crediting the other evidence in the record, including Plaintiff's medical records, hearing testimony, and admissions regarding her retained capacity for daily activities. *See Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014) (an "ALJ is free to accept some medical evidence and reject other evidence, provided that he provides an

3

explanation for discrediting the rejected evidence") (citations omitted). Having consider the entire administrative record, the Court finds that substantial evidence supported the ALJ's determination.

**AND NOW, THIS 26th DAY OF JUNE 2025**, upon *de novo* review of Magistrate Judge Carlson's R&R, (Doc. 15), **IT IS HEREBY ORDERED THAT**:

1. The R&R, (Doc. 15), is **ADOPTED** for the reasons set forth therein.

2. Plaintiff's Appeal is **DENIED**.

3. The Commissioner of Social Security's decision is **AFFIRMED**.

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

Robert D. Mariani
United States District Judge